UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA THATCHER, CARLY PLAYFORD and BROOKE SNODGRASS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:10-cv-1115-TWP-TAB<br>) |
| PERKINS-VAN NATTA PLASTIC SURGERY, P.C., | )<br>) |
| Defendant. | ) |

### ENTRY ON MOTION FOR RECONSIDERATION

Before the Court is Plaintiffs' Motion for Reconsideration (Dkt 74) requesting the Court to reconsider its Order denying Plaintiff's request oral argument (Dkt. 71). Specifically, Plaintiffs ask the Court to reconsider its ruling under Federal Rule Civil Procedure 60 and argue the Court's Order was entered in advance of Plaintiffs having an opportunity to file their Reply, and that filings by Defendant give further credence to the utility of having oral argument on the motion for summary judgment.

Motions to reconsider serve a very limited purpose and are only appropriate for those "rare" situations where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).  Because none of these exceptions apply, Plaintiffs' Motion to Reconsider is **DENIED**.

First, Plaintiffs argue the Court's Order denying Plaintiffs' Request for Oral Argument was prematurely entered; however, Local Rule 7-1 does not provide parties a "right" to file a reply to a request for oral argument.  A request for oral argument is not a motion under the Federal Rules of Civil Procedure and is more aligned with L.R.7-1 (d), which allows the court to

rule on a routine motion before the response deadline passes. Further, Local Rule 7-5 states "The court may: grant or deny a request for oral argument or an evidentiary hearing in its sole discretion".

Next, Plaintiffs argue the Court erred as there is a need for oral argument because Defendant has raised new matters for this Court's consideration in its Reply. However, the remedy if Plaintiffs believe new matters are raised in a summary judgment reply is the filing of a surreply, not a request for oral argument. LR 56-1 (d) provides: "If, in reply, the moving party relies upon evidence not previously cited or objects to the admissibility of the non-moving party's evidence, the non-moving party may file a surreply brief limited to such new evidence and objections, no later than 7 days after service of the reply brief." Plaintiffs elected not to file a surreply and "parties" are not allowed to present additional evidence at an oral argument.

In this case, the three motions for summary judgment (Dkt. 45, 48 and 51) have been fully and thoroughly briefed by the parties. At this time, the Court does not find oral argument necessary. The Court has properly used its discretion to deny the motion for oral argument. And, if at the time of analysis and preparation of the ruling on the motions for summary judgment, the Court determines oral argument would be helpful, the Court may on its own, set oral argument without a request from either party (See Local Rule 7-5 (d)(2).

Because the Court has not "patently misunderstood a party," has not decided an issue outside the scope of adversarial presentation, and has not "made an error not of reasoning but of apprehension," Plaintiffs' Motion to Reconsider (Dkt. 74) is **DENIED**.

SO ORDERED.

Date: 12/07/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James D. Masur, II
ROBERT W. YORK & ASSOCIATES
jmasur@york-law.com

Robert W. York
ROBERT W. YORK & ASSOCIATES
rwyork@york-law.com

Amanda L. Shelby
FAEGRE BAKR DANIELS LLP – Indianapolis
Amanda.shelby@faegrebd.com

Edward E. Hollis
FAEGRE BAKR DANIELS LLP – Indianapolis
edward.hollis@faegrebd.com

Sarah Jenkins
FAEGRE BAKR DANIELS LLP – Indianapolis
Sarah.jenkent@faegrebd.com